# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| QUINN AARON KLEIN,<br><br>           Plaintiff,<br><br>v.<br><br>CORRECTIONS CORPORATION<br>OF AMERICA, et al.,<br><br>           Defendants, | No. CIV 14-144-JHP-SPS |

## OPINION AND ORDER VACATING ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS

On March 3, 2014, this action was commenced in the United States District Court for the Middle District of Tennessee by Plaintiff Quinn Aaron Klein, an inmate in the custody of the Oklahoma Department of Corrections who was incarcerated at Davis Correctional Facility (DCF) in Holdenville, Oklahoma. (Dkt. 1). At the direction of that court (Dkt. 5), plaintiff subsequently filed two motions for leave to proceed *in forma pauperis* (Dkt. 8, 28), but he did not provide a certified copy of his inmate trust account statement as directed. On April 14, 2014, the Tennessee Middle District granted plaintiff's motion for leave to proceed *in forma pauperis* and transferred the case to this court, because all of plaintiff's claims arose during his incarceration at DCF. (Dkt. 32). Upon review of the record, however, this court finds the Tennessee Middle District's order granting leave to proceed *in forma pauperis* was erroneous and must be vacated, because plaintiff has accumulated more than three prior civil rights actions that count as "strikes," pursuant to 28 U.S.C. § 1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior

occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). These strikes include the following cases.

*Klein v. Gatlin*, No. CIV-98-149-MB (N.D. Okla. Apr. 13, 1998): Civil rights action against the parents of plaintiff's former girlfriend was dismissed for failure to state a claim upon which relief can be granted, and the court determined the dismissal was a "prior occasion" under 28 U.S.C. § 1915(g). *See* Attachment 1.[1]

*Klein v. Gatlin*, No. CIV-98-150-TCK (N.D. Okla. Apr. 6, 1998): Civil rights action against plaintiff's former girlfriend was dismissed for failure to state a claim upon which relief can be granted, and the court determined the dismissal was a "prior occasion" under 28 U.S.C. § 1915(g). *See* Attachment 2.

*Klein v. Jones*, No. CIV-11-601-HE, 2011 WL 5526049 (W.D. Okla. Nov. 14, 2011): Civil rights action concerning plaintiff's conflict with another inmate and his access to the courts was dismissed for failure to state a claim.

*Klein v. Chester*, No. CIV-12-033-HE (W.D. Okla. June 14, 2012): The claims in this civil rights action included complaints about the warden's response to plaintiff's Request to Staff, the alleged opening of plaintiff's legal mail, delays in delivering plaintiff's legal mail and in timely crediting his account with funds from his family, retaliation, excessive commissary costs, and denial of access to the courts. The action was dismissed for failure to state a claim under 28 U.S.C. § 1915, with the admonition that "this dismissal will ripen

---

[1] Orders that are not available through the court's electronic records are attached to this Opinion and Order.

into a 'strike' under the three-strikes rule of the Prison Litigation Reform Act as soon as the time to appeal has expired or, if plaintiff appeals, in the event the court of appeals affirms this dismissal." *Id.*, slip op. at 1-2.

*Klein v. Fallin*, No. CIV-12-637-HE, 2012 WL 3594668 (W.D. Okla. Aug. 21, 2012): Plaintiff sued the State of Oklahoma and the Governor of Oklahoma in this civil rights action concerning the equal protection rights of homosexuals. The case was dismissed, because the Eleventh Amendment barred plaintiff's claim against the State of Oklahoma, and he lacked standing to prosecute the claim against the Governor.

Plaintiff alleges in his present complaint that prison officials are holding his legal mail and stealing stamps from the envelopes, thereby preventing him from exhausting his administrative remedies. He further complains the defendants discriminate against him, because he is a known homosexual. The court, however, finds he has not demonstrated he is in imminent danger of serious physical injury and that he qualifies for the exception in 28 U.S.C. § 1915(g).

Plaintiff cannot claim ignorance of the provisions of 28 U.S.C. § 1915(g), because after the above-cited cases were dismissed, and before the case now before this court was filed on March 3, 2014, he was denied leave to proceed *in forma pauperis* in the Western District of Oklahoma for having accrued at least three strikes. *See Klein v. Rios*, No. CIV-12-1292-HE, slip op. at 1 (W.D. Okla. Jan. 25, 2013).

The Western District also found that plaintiff "has a pattern and practice of bringing civil actions in [the Western District], only to voluntarily dismiss them after significant time and effort has been expended by the Court and the parties." *Id.*, No. CIV-12-1292-HE, Report and Recommendation at 4 n.2 (W.D. Okla. Dec. 28, 2012) (citing *Klein v. Whetsel*,

3

No. CIV-05-1494-T; *Klein v. Victorian*, No. CIV-12-565-HE; *Klein v. Keefe, Inc.*, No. CIV-12-142-HE; *Klein v. GEO*, No. CIV-12-124-HE; and *Klein v. Lincoln County Dist. Ct.*, No. CIV-05-838-T).

> Plaintiff has perhaps done so in an effort to avoid the "three strikes" rule in the PLRA. In any event, aside from the PLRA strikes provision, a court has discretion to impose filing restrictions where a litigant continues to abuse his right to seek legal redress. *Ysais v. Richardson*, 603 F. 3d 1175, 1180 (10th Cir. 2010) ("Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances."). Plaintiff is hereby cautioned that continuation of this practice could lead to imposition of such filing restrictions.

*Klein*, No. CIV-12-1292-HE, Report and Recommendation at 4 n.2. *See also Klein v. Salinas*, No. CIV-13-1182-HE, slip op. at 4 (W.D. Okla. Nov. 15, 2013) (relying on Case No. CIV-12-1292-HE to find plaintiff had accumulated three strikes and denying leave to proceed *in forma pauperis*); *Klein v. Gwinn*, No. CIV-13-1207-HE (W.D. Okla. Sept. 27, 2013) (adopting the Magistrate Judge's conclusion that plaintiff's could not be granted leave to proceed *in forma pauperis*, because of his prior strikes).

Despite his history of filing frivolous and vexatious lawsuits, plaintiff completely failed to reveal his litigation history in this action. In response to the question in the complaint form regarding his prior litigation, he checked "No" to the following question:

D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

> 1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?

(Dkt. 1 at 5). Plaintiff then signed and dated the following statement on the last page of the complaint:

<u>DECLARATION UNDER PENALTY OF PERJURY</u>

4

> The undersigned declares (or certifies, verifies, or states) under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint, and that the information contained therein is true and correct. 28 U.S.C. § 1746. 18 U.S.C. § 1621.

(Dkt. 1 at 7).

The court finds plaintiff clearly failed to answer truthfully the question about his litigation history, and he was on notice that his response was made under penalty of perjury.

**ACCORDINGLY,** the portion of the Order by the United States District Court for the Middle District of Tennessee granting plaintiff leave to proceed *in forma pauperis* (Dkt. 32) is VACATED, because the Tennessee court failed to consider plaintiff's numerous strikes imposed pursuant to 28 U.S.C. § 1915(g). Plaintiff is directed to pay the entire filing fee of **$350.00**, which was due when he initiated this case. The agency having custody of plaintiff is ordered to release funds from plaintiff's accounts, including plaintiff's trust account, for payment of the filing fee. Failure to pay the entire filing fee or to show good cause for his failure to pay the entire filing fee will result in dismissal of this action. The Court Clerk is directed to send a copy of this Opinion and Order to the Trust Fund Officer at plaintiff's facility.

DATED this 14th day of November 2014.

James H. Payne
United States District Judge
Eastern District of Oklahoma

# ATTACHMENT 1

*Klein v. Gatlin*, No. CIV-98-149-MB

(N.D. Okla. April 13, 1998)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

FILED
APR 13 1998
Phil Lombardi, Clerk
U.S. DISTRICT COURT

QUINN AARON KLEIN,
)
)
Plaintiff,
)
)
vs.
) No. 98-CV-149-BU (M)
)
MR. & MRS. JOHN GATLIN,
)
)
Defendants.
)

ENTERED ON DOCKET
DATE APR 14 1998

## ORDER

Plaintiff, a prisoner confined at the Oklahoma State Reformatory in Granite, Oklahoma, seeks to bring this 42 U.S.C. § 1983 civil rights suit *in forma pauperis* against the parents of his former girlfriend, Mr. & Mrs. John Gatlin. Based on representations in the motion for leave to proceed *in forma pauperis*, it appears that Plaintiff is unable to pay the filing fee and he is granted leave to proceed *in forma pauperis*. However, under 28 U.S.C. § 1915(e)(2), part of the Prison Litigation Reform Act of 1996 (PLRA), the Court is directed to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. For the reasons discussed below, the Court finds that this case should be dismissed.

### *ANALYSIS*

A. **Failure to allege prima facie elements of a civil rights claim**

In his complaint, Plaintiff alleges that while he was living with Defendants' daughter, "He (Defendant [Mr. Gatlin]) busted out the window of my apt. bedroom window and removed several

things not belonging to his daughter." Plaintiff seeks "reimbursement for missing articles, cut sheets from glass out of broke window, & pain, grief & suffering." (Docket #1).

42 U.S.C. § 1983 provides individuals a federal remedy for deprivation of their rights secured by the Constitution and laws of the United States. See Dixon v. City of Lawton, 898 F.2d 1443, 1447 (10th Cir. 1990). For a complaint under section 1983 to be sufficient a plaintiff must allege two prima facie elements: that defendant deprived him of a right secured by the Constitution and laws of the United States,[1] and that defendant acted under color of law.[2] Adickes v. S. H. Kress & Co., 398 U.S. 144, 150 (1970). Federal Rule of Civil Procedure 8(a) sets up a liberal system of notice pleading in federal courts. This rule requires only that the complaint include a short and plain statement of the claim sufficient to give the defendant fair notice of the grounds on which it rests. Leatherman v. Tarrant Cty. Narcotics Unit, 507 U.S. 163, 168 (1993) (rejecting heightened pleading requirements in civil rights cases against local governments). If plaintiff's complaint demonstrates both substantive elements it is sufficient to state a claim under section 1983. Id.; Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988).

A court should dismiss a constitutional civil rights claim only if it appears beyond doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief. Meade,

---

[1] The rights set forth in the Bill of Rights are held exclusively by the states, secured from infringement by the federal government. Flagg Bros. v. Brooks, 436 U.S. 149 (1978). Therefore, constitutional civil rights claims of individuals apply to the states only through the Fourteenth Amendment and require state action to afford relief under section 1983. See Monroe v. Pape, 365 U.S. 167 (1961), overruled on other grounds, Monell v. Dept. of Social Services, 436 U.S. 658 (1978). The state action test requires: (1) that the deprivation be caused by the exercise of a right or privilege created by the state or by a person for whom the state is responsible, and (2) that the actor must be someone who is a state actor. Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982).

[2] There is an overlap between the state action requirement under the Fourteenth Amendment and action under color of law. See Lugar, 457 U.S. at 926. Where the plaintiff has already demonstrated state action under the first element the necessity to show action under color of law is also satisfied.

841 F.2d at 1526 (citing Owens v. Rush, 654 F.2d 1370, 1378-79 (10th Cir. 1981)). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Id.; Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). While pro se complaints are held to less stringent standards and must be liberally construed, nevertheless, the Court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Haines, 404 U.S. at 520; Hall, 935 F.2d at 1110.

In the instant case, Plaintiff has completely failed to allege a deprivation of a right secured by the Constitution of the United States or to identify any conduct whereby Defendants were acting under color of state law. Construing Plaintiff's *Complaint* liberally in accord with his pro se status, the Court concludes that Plaintiff has failed to establish the essential elements of a civil rights action pursuant to section 1983: that defendant deprived him of a right secured by the Constitution and laws of the United States while acting under color of state law. Therefore, Plaintiff has failed to state a claim upon which relief can be granted, and accordingly, his *Complaint* should be dismissed.

B.  Payment of filing fee

Although Plaintiff has been granted leave to proceed *in forma pauperis*, the PLRA requires the district court to assess and collect the $150 filing fee even when a case is dismissed before service of the summons and complaint. See 28 U.S.C. § 1915(b)(1). As of the date of Plaintiff's financial certificate, Plaintiff lacked funds to make even an initial partial fee payment. However, the trust fund officer at Plaintiff's current place of incarceration is hereby ordered to collect, when funds exist, monthly payments from Plaintiff's prison account(s) in the amount of 20% of the preceding month's

3

income credited to the account. Monthly payments collected from Plaintiff's prison account(s) shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $150 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, 411 United States Courthouse, 333 West Fourth Street, Tulsa, Oklahoma 74103-3819, attn: PL Payments, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Clerk shall send a copy of this Order to the trust fund officer at the Oklahoma State Reformatory, P.O. Box 514, Granite, OK 73547-0514.

This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). The Court also takes notice this dismissal constitutes the second time[3] Plaintiff has brought a civil action in this Court under 28 U.S.C. § 1915 which was dismissed for failure to state a claim or as frivolous.

## *CONCLUSION*

After liberally construing Plaintiff's allegations, Haines v. Kerner, 404 U.S. 519, 520 (1972), the Court concludes that Plaintiff has failed to allege either a deprivation of a right secured by the Constitution of the United States or that Defendants acted under color of state law. See Baker v. McCollum, 443 U.S. 137 (1979); see also Wilhelm v. Gray, 766 P.2d 1357, 1358 (Okla. 1989). Therefore, Plaintiff's *Complaint* should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief can be granted. However, Plaintiff must nonetheless pay the $150 filing fee in full.

---

[3]Plaintiff's other case filings in this Court include: Case No. 97-CV-937-K, dismissed without prejudice on January 30, 1998, for failure to pay initial partial payment of filing fee as ordered; and Case No. 98-CV-150-K, dismissed pursuant to § 1915(e)(2)(B) for failure to state a claim, April, 1998.

4

ACCORDINGLY, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed *in forma pauperis* is granted. However, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to his account(s). Prison officials having custody of Plaintiff shall forward payments from Plaintiff's account(s) to the Clerk at the above-cited address each time the amount in the account(s) exceeds $10 until the filing fee is paid.

2. This action is **dismissed with prejudice** pursuant to 28 U.S.C. 1915(e)(2)(B).

3. The Clerk of the Court is directed to "flag" this dismissal as a "prior occasion" for purposes of §1915(g).

4. The Clerk shall send a copy of this Order to the trust fund officer at the Oklahoma State Reformatory, P.O. Box 514, Granite, OK 73547-0514.

SO ORDERED 7th day of April, 1998.

MICHAEL BURRAGE
UNITED STATES DISTRICT JUDGE

# ATTACHMENT 2

*Klein v. Gatlin*, No. CIV-98-150-TCK

(N.D. Okla. April 6, 1998)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

FILED

APR 0 6 1998

Phil Lombardi, Clerk
U.S. DISTRICT COURT

QUINN AARON KLEIN, )
)
Plaintiff, )
)
vs. ) No. 98-CV-150-K
)
CASEY CHRISTINE GATLIN, )
)
Defendant. )

## ORDER

Plaintiff, a prisoner confined at the Oklahoma State Reformatory in Granite, Oklahoma, seeks to bring this 42 U.S.C. § 1983 civil rights suit *in forma pauperis* against his former girlfriend, Casey Christine Gatlin. Based on representations in the motion for leave to proceed *in forma pauperis*, it appears that Plaintiff is unable to pay the filing fee and he is granted leave to proceed *in forma pauperis*. However, under 28 U.S.C. § 1915(e)(2), part of the Prison Litigation Reform Act of 1996 (PLRA), the Court is directed to dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. For the reasons discussed below, the Court finds that this case should be dismissed.

## *ANALYSIS*

### A. Failure to allege prima facies elements of a civil rights claim

In his complaint, Plaintiff alleges that Defendant "failed to pay her part of the [telephone] bills." Plaintiff further alleges that while he and Defendant were dating, Defendant made "verbal agreements to pay bond money" to Plaintiff's mother but has not kept her word. Plaintiff seeks "full

relief of bond money and ½ of phone bills along with cost for credit bankruptcy fees, and ½ of the total motel rent for 4 weeks at $51.44 a week." (Docket #1).

42 U.S.C. § 1983 provides individuals a federal remedy for deprivation of their rights secured by the Constitution and laws of the United States. See Dixon v. City of Lawton, 898 F.2d 1443, 1447 (10th Cir. 1990). For a complaint under section 1983 to be sufficient a plaintiff must allege two prima facie elements: that defendant deprived him of a right secured by the Constitution and laws of the United States,[1] and that defendant acted under color of law.[2] Adickes v. S. H. Kress & Co., 398 U.S. 144, 150 (1970). Federal Rule of Civil Procedure 8(a) sets up a liberal system of notice pleading in federal courts. This rule requires only that the complaint include a short and plain statement of the claim sufficient to give the defendant fair notice of the grounds on which it rests. Leatherman v. Tarrant Cty. Narcotics Unit, 507 U.S. 163, 168 (1993) (rejecting heightened pleading requirements in civil rights cases against local governments). If plaintiff's complaint demonstrates both substantive elements it is sufficient to state a claim under section 1983. Id.; Meade v. Grubbs, 841 F.2d 1512, 1526 (10th Cir. 1988).

A court should dismiss a constitutional civil rights claim only if it appears beyond doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief. Meade,

---

[1]The rights set forth in the Bill of Rights are held exclusively by the states, secured from infringement by the federal government. Flagg Bros. v. Brooks, 436 U.S. 149 (1978). Therefore, constitutional civil rights claims of individuals apply to the states only through the Fourteenth Amendment and require state action to afford relief under section 1983. See Monroe v. Pape, 365 U.S. 167 (1961), overruled on other grounds, Monell v. Dept. of Social Services, 436 U.S. 658 (1978). The state action test requires: (1) that the deprivation be caused by the exercise of a right or privilege created by the state or by a person for whom the state is responsible, and (2) that the actor must be someone who is a state actor. Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982).

[2]There is an overlap between the state action requirement under the Fourteenth Amendment and action under color of law. See Lugar, 457 U.S. at 926. Where the plaintiff has already demonstrated state action under the first element the necessity to show action under color of law is also satisfied.

2

841 F.2d at 1526 (citing Owens v. Rush, 654 F.2d 1370, 1378-79 (10th Cir. 1981)). For purposes of reviewing a complaint for failure to state a claim, all allegations in the complaint must be presumed true and construed in a light most favorable to plaintiff. Id.; Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). While pro se complaints are held to less stringent standards and must be liberally construed, nevertheless, the Court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations. Haines, 404 U.S. at 520; Hall, 935 F.2d at 1110.

In the instant case, Plaintiff has completely failed to allege a deprivation of a right secured by the Constitution of the United States or to identify any conduct whereby Defendant was acting under color of state law. Construing Plaintiff's complaint liberally in accord with his pro se status, the Court concludes that Plaintiff has failed to establish the essential elements of a civil rights action pursuant to section 1983: that defendant deprived him of a right secured by the Constitution and laws of the United States while acting under color of state law. Therefore, Plaintiff has failed to state a claim upon which relief can be granted, and accordingly, his complaint should be dismissed.

B.  Payment of filing fee

Although Plaintiff has been granted leave to proceed *in forma pauperis*, the PLRA requires the district court to assess and collect the $150 filing fee even when a case is dismissed before service of the summons and complaint. See 28 U.S.C. § 1915(b)(1). As of the date of Plaintiff's financial certificate, Plaintiff lacked funds to make even an initial partial fee payment. However, the trust fund officer at Plaintiff's current place of incarceration is hereby ordered to collect, when funds exist, monthly payments from Plaintiff's prison account(s) in the amount of 20% of the preceding month's

3

income credited to the account. Monthly payments collected from Plaintiff's prison account(s) shall be forwarded to the Clerk of Court each time the account balance exceeds $10 until the full $150 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, 411 United States Courthouse, 333 West Fourth Street, Tulsa, Oklahoma 74103-3819, attn: PL Payments, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Clerk shall send a copy of this Order to the trust fund officer at the Oklahoma State Reformatory, P.O. Box 514, Granite, OK 73547-0514.

This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). The Court also takes notice this dismissal constitutes the second time[3] Plaintiff has brought a civil action in this Court under 28 U.S.C. § 1915 which was dismissed for failure to state a claim or as frivolous.

## *CONCLUSION*

After liberally construing the Plaintiff's allegations, Haines v. Kerner, 404 U.S. 519, 520 (1972), the Court concludes that Plaintiff has failed to allege a deprivation of a right secured by the Constitution of the United States or that the actions of defendant were under color of state law. See Baker v. McCollum, 443 U.S. 137 (1979); see also Wilhelm v. Gray, 766 P.2d 1357, 1358 (Okla. 1989). Therefore, Plaintiff's complaint should be dismissed. However, Plaintiff must nonetheless pay the $150 filing fee in full.

---

[3]Plaintiff's other case filings in this Court include: Case No. 97-CV-937-K, dismissed without prejudice on January 30, 1998, for failure to pay initial partial payment of filing fee as ordered; and Case No. 98-CV-149-BU, dismissed pursuant to § 1915(e)(2)(B) for failure to state a claim, April, 1998.

4

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's motion for leave to proceed *in forma pauperis* is granted. However, Plaintiff shall make monthly payments of 20% of the preceding month's income credited to his account(s). Prison officials having custody of Plaintiff shall forward payments from Plaintiff's account(s) to the Clerk at the above-cited address each time the amount in the account(s) exceeds $10 until the filing fee is paid.

2. This action is **dismissed with prejudice** pursuant to 28 U.S.C. 1915(e)(2)(B).

3. The Clerk of the Court is directed to "flag" this dismissal as a "prior occasion" for purposes of §1915(g).

4. The Clerk shall send a copy of this Order to the trust fund officer at the Oklahoma State Reformatory, P.O. Box 514, Granite, OK 73547-0514.

SO ORDERED 3 day of April, 1998.

TERRY C. KERN, Chief Judge
UNITED STATES DISTRICT COURT

5